UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL ISAAC AND VIRGINIA ISAAC | CIVIL ACTION |
| VERSUS | |
| | NO. 06-6354 |
| ALLSTATE INSURANCE COMPANY<br>BILLY BRAVENDER and ABC<br>INSURANCE COMPANY | SECTION "N" (3) |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiffs, Samuel Isaac and Virginia Isaac (hereafter referred to as "Plaintiffs"). The removing defendant, Allstate Insurance Company ("Allstate"), opposes the Motion to Remand.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Samuel and Virginia Isaac own certain immovable property in which they reside at 9012 Apricot Street, New Orleans, Louisiana 70118. This property and some of its contents were allegedly damaged as a result of Hurricane Katrina on August 29, 2005, and the events which occurred thereafter. At all material times, Plaintiffs' property was the subject of insurance provided by Allstate under Policy No. 01532012308130, which policy provided coverages for $116,000 -

1

dwelling, $11,600 - other structures, and $58,000 - contents, as well as additional living expenses. Plaintiffs made a claim on their Allstate policy for coverage of damages resulting from Hurricane Katrina and its aftermath.

On August 3, 2006, Plaintiffs filed a Petition for Damages in Civil District Court for the Parish of Orleans, State of Louisiana, naming Allstate, Billy Bravender ("Bravender"), and ABC Insurance Company. Plaintiffs' allegations against Bravender are as follows:

V.

Plaintiffs purchased flood insurance from BILLY BRAVENDER of ALLSTATE INSURANCE COMPANY. The flood policy had limits of $93,000.00 for structure. The policy limits of $11,500.00 for contents pursuant to said flood policy was deficient and under-insured. Further, Defendant insurance agent failed to secure an appropriate limits for contents coverage for the flood policy notwithstanding his presumed knowledge that the insured residence had contents comparable to the contents limits of $58,000.00 as provided in the Allstate homeowner's policy. In the alternative, Defendant insurance agent failed to inform that said flood policy was deficient for contents coverage.

VI.

Further, defendant BILLY BRAVENDER, failed to discuss the appropriate flood coverage for Plaintiff's residence for structure and content.

VII.

At all times relevant, BILLY BRAVENDER failed to inform plaintiffs as to a gaps [sic] in flood coverage involving contents.

VIII.

Defendant, BILLY BRAVENDER, breached his duty to use reasonable diligence in securing Plaintiff the recommended and proper flood coverage and/or fulfilling the policy needs for Plaintiff's specific insurance needs.

IX.

Summarily, Defendant insurance agent, BILLY BRAVENDER, breached his fiduciary to Plaintiffs in failing to obtain the requisite flood coverage and Plaintiffs are entitled to reimbursement for contents which would have been covered by The National Flood Insurance Program ("NFIP") if the contents limits were properly set based on the guidance and advice of said insurance agent. Further, Defendant insurance agent failed to inform Plaintiffs of any gaps or inequities in coverage between the flood policy and homeowner's policy.

X.

Based on the errors and omissions of BILLY BRAVENDER in failing to procure the appropriate limits for contents coverage for flood, Plaintiffs are entitled to the value of contents damaged by flood.

Plaintiffs also identify ABC Insurance Company as "the errors and omissions insurer for Defendant, Billy Bravender ..." Petition, ¶ II. On or about September 22, 2006, Allstate removed the matter to this Court, asserting federal jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C § 1441. Plaintiffs now seek remand to the Civil District Court for the Parish of Orleans.

## II. LAW AND ANALYSIS

### A. Removal

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In removal actions, the removing party bears the burden of establishing the existence of federal jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Any

ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447 (c).

    **B.**      **Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states. The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

Allstate contends that Bravender is improperly joined as a defendant because: (1) Bravender acted as an agent for Allstate, and thus under Louisiana law, he bears no personal liability to Plaintiffs as he was acting within the course and scope of his agency for Allstate; (2) any possible claim against Bravender is time-barred pursuant to La. R.S. 9:5606; and (3) claims against Bravender are misjoined pursuant to *Tapscott*[1] and progeny.

---

[1] *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996).

### C. Bravender as Agent:

Under Louisiana law, an agent for a known principal cannot be held personally liable unless the agent personally binds himself or exceeds his authority. La.Civ.Code arts. 3016, 3019; *see also Ragas v. Tarleton,* No. 06-4137, slip op. at *6 (E.D. La. Oct. 10, 2006) and *LeBlanc v. Mid-Continent Life Ins.,* No. 93-2677, 1993 U.S. Dist. LEXIS 14792, at *4 (E.D. La. Oct. 20, 1993) (holding no cause of action exists under Louisiana law against agent of named insurer, unless agent personally bound itself or exceeded its authority); *Kimball v. Modern Woodmen of Am.,* 939 F.Supp. 479, 482 (M.D. La. 1996) (finding no cause of action against insurance agent as there were no allegations that agent acted outside his authority or misrepresented company's position); *Miller v. Powers & Tuttle,* 145 So. 718, 719 (La. App. 2d Cir. 1933); *McMorris v. Stafford,* 655 F.Supp. 671 (M.D. La. 1987) (agent who discloses his principal is not liable to third party); *Picquet v. Amoco Prod. Co.,* 513 F.Supp. 938, 940 (M.D. La. 1981) (no liability for agent of disclosed principal). "Officers, employees, and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context."[2] Indeed, in *Ragas v. Tarleton,* No. 06-4137, slip op. at *6 (E.D. La. Oct. 10, 2006), Judge Feldman denied a plaintiff's motion to remand, holding that the insurance agent was improperly joined because the plaintiff made "no allegations [in the petition] that the agent exceeded his authority, personally bound himself to [Plaintiff], or misrepresented Allstate's position." The Court reiterated the longstanding rule that

---

[2]*Goodwin v. Agrilite of La.,* 643 So.2d 249, 252 (La. App. 2d Cir. 1994); *see Korson v. Independence Mall I, Ltd.,* 595 So.2d 1174, 1178 (La. App. 5th Cir. 1992); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.,* 166 F.Supp. 2d 511, 515 (E.D. La. 2001).

under Louisiana law, an agent for a known principal cannot be held personally liable unless the agent personally binds himself or exceeds his authority.

In this case, Plaintiffs describe the agent defendant as "Billy Bravender of Allstate Insurance Company" (Petition, ¶ 5), seemingly identifying Bravender as the agent of Allstate. In his Affidavit, Bravender affirmatively clarifies and confirms that "I have been an Allstate Insurance Company agent since 1995" (Affidavit, ¶ 3). Moreover, the nature of the allegations in the Petition do not suggest, in any way, that Bravender exceeded his authority as an Allstate agent, nor is there any allegation that he stated and intended that he be personally liable to Plaintiffs for the coverage at issue herein. In fact, the allegations of the Petition, if true and if construed favorably to afford the Plaintiffs a claim against Bravender merely indicate that Bravender committed an error/omission in the placement of Plaintiffs' coverage with Allstate.[3]

Based on the record before the Court, and for the reasons stated herein, there is no reasonable basis to predict any separate breach of duty and grounds for recovery against Bravender, and thus the Court finds it has jurisdiction over this matter.

---

[3]Plaintiffs fail to allege a specific request for certain coverages which were not provided (or gave specific advice), but rather claim that Bravender had "presumed knowledge that the insured residence had contents comparable to the contents limits of $58,000 as provided in the Allstate homeowners policy." Alternatively, Plaintiffs assert that Bravender failed to inform them that the flood policy contents coverage was less than that set forth in the homeowners policy, a simple fact which should have been known to Plaintiffs upon receipt of the policy and declarations.

### D.    **Peremption and Misjoinder:**

"When the Court finds that it has jurisdiction over a case on this basis, the Court need not address defendants' alternative theories for why federal jurisdiction is appropriate in that matter." *Culotta v. State Farm Fire & Casualty Company*, 2007 WL 954781, *1 (E.D.La. March 27, 2007). As such, the Court need not reach the other asserted grounds for jurisdiction offered by Allstate.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is hereby **DENIED**.

New Orleans, Louisiana, this   6th   day of June, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**